**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERICA C. JOHNSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-4911** |
| | : | |
| **TONY DINKINS,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**PADOVA, J.** **SEPTEMBER 28, 2026**

Plaintiff Erica C. Johnson filed this *pro se* civil action asserting a claim of employment discrimination against Defendant Tony Dinkins, who is identified in the Complaint as the President for AFSCME District Council 33.[1] Johnson also filed a motion to proceed *in forma pauperis*, as well as a motion for appointment of counsel. For the following reasons, the Court will grant Johnson leave to proceed *in forma pauperis* and dismiss the Complaint for lack of subject matter jurisdiction. The motion to appoint counsel will be denied.

## I. FACTUAL ALLEGATIONS[2]

Johnson used the Court's form complaint for alleging employment discrimination to plead her claims. By checking the appropriate locations on the form, Johnson indicates that she brings claims of race and gender discrimination under the Pennsylvania Human Relations Act

---

[1] The Court understands Johnson to be referring to the American Federation of State County and Municipal Employees, Philadelphia District Council 33, the labor union that represents certain employees of the City of Philadelphia. *See Alvarez v. City of Philadelphia*, Civ. A. No. 23-3570, 2023 WL 6520507, at *1 n.2 (E.D. Pa. Oct. 4, 2023).

[2] The factual allegations are taken from the Complaint ("Compl."), which is the Court's form complaint for alleging employment discrimination claims. (ECF No. 2.) The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

("PHRA"), and that she seeks injunctive relief and damages. (Compl. at 1, 3, 5.) Johnson indicates on the form that she is a black female. (*Id.* at 3.) The discriminatory conduct of which Johnson complains includes "Failure to stop harassment," "Unequal terms and conditions of [her] employment," "Retaliation," and "Other," which she describes as "failure to respond, failure to act, and aiding and abetting discriminatory treatment." (*Id.* at 2-3.) Johnson claims that the discriminatory acts began on August 1, 2025, and are continuing. (*Id.* at 3.)

Johnson asserts that her "interactions with AFSCME District Council 33, Local 696 were limited and did not provide the support [she] needed." (*Id.* at 3.) She contacted the Union because she was "dealing with workplace violence, harassment, retaliation and unfair discipline" at the Joseph E. Coleman Regional Library. (*Id.*) She sought "guidance and representation" but claims that the "Union did not offer meaningful assistance." (*Id.*) Johnson avers that she spoke with "Union President Tony Dinkins" once in person and once by text message.[3] (*Id.*) Johnson seeks monetary damages and injunctive relief.[4] (*Id.* at 5.)

## II. STANDARD OF REVIEW

Because Johnson appears to be unable to pay the fees to commence this civil action, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the

---

[3] Johnson refers to attachments (*see, e.g.*, Compl. at 3, 5), but there are no additional pages or exhibits attached to the Complaint.

[4] Johnson seeks the documents she requested, and requests that Dinkins "follow up on [her] grievance and stop contributing to the union's failure to represent [her]." (Compl. at 5.)

action."); *see also Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*" (citations omitted)). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted). In assessing the Complaint, the Court is mindful of its obligation to liberally construe a *pro se* litigant's pleadings. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) (citations omitted).

## III. DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (citation omitted). Jurisdictional issues may be raised at any time, and courts have a duty to raise them on their own. *Wilkins v. United States*, 598 U.S. 152, 157 (2023). If a court determines that federal jurisdiction is lacking, the court must dismiss the case. Fed. R. Civ. P. 12(h)(3). Cases that can be heard in federal court include cases based on federal law ("federal question jurisdiction"), *see* 28 U.S.C. § 1331, and cases in which the plaintiffs and defendants are citizens of different states and the amount in controversy is at least $75,000 ("diversity jurisdiction"), *see* 28 U.S.C. § 1332(a). This Court does not have jurisdiction over Johnson's claims.

Even under a liberal construction of the Complaint, the Court cannot discern any basis for Johnson to pursue a federal claim against Hinkins such that the Court could exercise jurisdiction under 28 U.S.C. § 1331.[5] Johnson asserts her sole claim against Hinkins under the PHRA, a Pennsylvania state statute. District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co.,* 800 F.3d at 104 (alteration in original) (footnote omitted) (first quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005), and then quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Diversity is determined at the time the complaint is filed. *Frett-Smith v. Vanterpool*, 511 F.3d 396, 399 n.4 (3d Cir. 2008).

---

[5] To the extent that Johnson seeks to present an employment discrimination claim against Hinkins pursuant to Title VII of the Civil Rights Act of 1964, that claim would nonetheless be subject to dismissal because Title VII only makes it unlawful for an "employer" to discriminate. 42 U.S.C. § 2000e-2(a)(1). An "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b). The United States Court of Appeals for the Third Circuit has declined to extend liability under Title VII to individuals, such as Hinkins, holding the term "employer" as used in Title VII does not encompass individuals. *See Roseboro v. Baker*, Civ. A. No. 25-5418, 2025 WL 3268919, at *3 (E.D. Pa. Nov. 24, 2025) (citing *Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1078 (3d Cir. 1996)).

Johnson has not met her burden of establishing the Court's jurisdiction over any state law claims, because the Complaint does not allege the parties' states of citizenship. In any event, it appears that there is not complete diversity between the parties. Johnson does not specifically allege the parties' citizenship but provides Pennsylvania addresses for both herself and Dinkins, suggesting that both are Pennsylvania citizens. (Compl. at 2.) Accordingly, she fails to allege a basis for this Court to exercise diversity jurisdiction over her state law claims. *See Williams v. Francois*, No. 22-3339, 2023 WL 2203570, at *2 (3d Cir. Feb. 24, 2023) (*per curiam*) (affirming *sua sponte* dismissal of state law claims for lack of subject matter jurisdiction where plaintiff failed to adequately allege the citizenship of any party to the action (citing Lincoln Benefit Life Co., 800 F.3d at 106-07)). Because the jurisdictional requirement of complete diversity is not satisfied, this Court lacks the ability to hear any state law claims. Accordingly, the Court will dismiss this matter.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Johnson's Complaint.[6] Under the circumstances of this case, Johnson will not be given leave to amend because it appears that amendment of the jurisdictional allegations would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because the Court lacks subject matter jurisdiction, Johnson's claims will be dismissed without prejudice so that she may reassert them in an appropriate state court if she chooses to do so.[7] *See Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 291 (3d Cir. 2023) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered

[6] Given this disposition, Johnson's request for appointment of counsel (ECF No. 3) will be denied as moot.

[7] The Court expresses no opinion on the merits of any such claims.

'without prejudice.'" (quoting *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999))); *see also N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice" (citation omitted)).

An appropriate Order follows.

**BY THE COURT:**

**/s/ John R. Padova, J.**

**JOHN R. PADOVA, J.**